<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| OUSMANE DIALLO,<br><br>        *Petitioner*,<br><br>        v.<br><br>LUIS SOTO, *et al.*,<br><br>        *Respondents*. | Civil Action No. 26-cv-04517<br><br>**ORDER**<br><br>May 8, 2026 |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Ousmane Diallo ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration detention without bond (ECF No. 1); and

**WHEREAS**, Petitioner alleges that Respondents are detaining him pursuant to a July 2025 ICE policy and the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which treats individuals who entered without inspection as "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b) (ECF No. 1 ¶ 2); and

**WHEREAS**, Petitioner is a native and citizen of Guinea who entered the United States in December 2023 seeking safety, and who was initially encountered by immigration authorities upon entry and subsequently released on his own recognizance after issuance of a Notice to Appear charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (*id.* ¶ 17; Ex. B); and

**WHEREAS**, Petitioner alleges that he has since resided in the United States, including in the Bronx, New York, where he has been employed as a delivery driver (ECF No. 1 ¶ 24); and

**WHEREAS**, Petitioner further alleges that on May 2, 2024, he filed applications for

asylum, withholding of removal, and protection under the Convention Against Torture, scheduled for hearing on February 11, 2027 (*id.* ¶¶ 19, 23); and

**WHEREAS**, Petitioner represents that he has no criminal history in the United States and no final order of removal has been entered against him (*id.* ¶¶ 28–29); and

**WHEREAS**, on or about April 8–9, 2026, while Petitioner was performing delivery work in Jersey City, New Jersey, Immigration and Customs Enforcement ("ICE") officers surveilled and followed his vehicle, conducted a traffic stop, and arrested him without explanation or presentation of a warrant (*id.* ¶¶ 1, 25–27); and

**WHEREAS**, Petitioner was thereafter transported to a processing facility and then to the Delaney Hall Detention Facility in Newark, New Jersey, where he remains detained without bond proceedings (*id.* ¶ 1); and

**WHEREAS**, Petitioner contends that, as a noncitizen who has been released into the interior of the United States and has resided here for a period of time, his detention is properly governed by 8 U.S.C. § 1226 (*id.* ¶ 3); and

**WHEREAS**, Petitioner asserts that no bond hearing has been scheduled or held, and that, as a result of Respondents' application of the challenged policy, he has been denied any meaningful opportunity to seek release from custody (*id.* ¶ 30); and

**WHEREAS**, Respondents filed a Response to the Petition on May 7, 2026, that cites authority which they acknowledge has been rejected by several courts to reach the issue in this District[1] (ECF No. 7); and

---

[1] *See, e.g.*, *Marca Lemu v. Soto,* No. 25-cv-17098 (RMB), 2025 WL 3470298 (D.N.J. Dec. 3, 2025); *Perez v. Lyons*, No. 25-cv-17186 (ESK), 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar*, No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons*, No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas*,

**WHEREAS**, Respondents have not alleged that Petitioner poses a danger to the community or risk of flight (*see* ECF No. 7); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1), the Response (ECF No. 7), and resolves the matter on the controlling statutory framework; and

**WHEREAS**, Petitioner is being unlawfully detained under 8 U.S.C. § 1225. However, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("[T]he

---

No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025), *appeal filed sub nom. Rivera Zumba v. U.S. Attorney Gen.*, No. 25-3328 (3d Cir. Dec. 2, 2025).

3

Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained[.]" *Id.* at 366. The Court declines to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 782 (E.D. Mich. 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS,** on this 8th day of May 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner within 24 hours of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

4

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**